**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-50376 |
| Plaintiff-Appellee, | 15-50537 |
| v. | D.C. No. 2:13-cr-00739-SVW-1 |
| CINDY OMIDI, AKA Nahid Omidi, AKA Cindy Pezeshk, AKA Nahid Pezeshk, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and MAHAN,** District Judge.

Cindy Omidi ("Omidi") appeals from her conviction for one count of

structuring in violation of 31 U.S.C. § 5324(a)(3), (d)(2), and 18 U.S.C. § 2.

Omidi also appeals from the $290,800 money judgment entered against her.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The indictment was not constructively amended. The indictment listed the specific transactions Omidi was charged with structuring, and the government's evidence at trial established that Omidi had structured those, and only those, transactions. *See United States v. Hui Hsiung*, 778 F.3d 738, 757–58 (9th Cir. 2015) (holding no constructive amendment where the indictment contained facts that "necessarily supported" and "gave fair notice" of the contents of the jury instruction); *United States v. Olson*, 925 F.2d 1170, 1174–75 (9th Cir. 1991) (holding no constructive amendment where the government "did not try to prove" that the defendant engaged in the uncharged conduct), *abrogated in part on other grounds by United States v. Cotton*, 535 U.S. 625, 630 (2002).

2. Substantial evidence supported Omidi's conviction. The government offered proof that Omidi purchased over 300 money orders between July 2008 and December 2009 at numerous postal offices, often on consecutive days, in amounts just under the $3,000 threshold that would have triggered the Bank Secrecy Act's reporting requirements. *See* 31 C.F.R. § 1010.415. Although Omidi presses her theory of the case, we "may not usurp the role of the [jury] by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

2

3.     We decline to reverse based on cumulative error.  Assuming error for all of Omidi's claims that we review for plain error—the summary chart's admission, the improper jury instruction, the absence of an attempt instruction, the sustaining of hearsay objections, and the instruction permitting the jury to convict upon "agreeing on a purchase or group of purchases"—we find it unlikely that any of those alleged errors "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).  We also find that the district court did not abuse its discretion by instructing the jury on aiding and abetting. Because sufficient evidence supports Omidi's structuring conviction, we reject her argument that there was insufficient evidence of specific intent to permit her conviction for aiding and abetting the same.  *See* 31 U.S.C. § 5324(a) (prohibiting the structuring of transactions "for the purpose of evading" the Bank Secrecy Act's reporting requirements); *see also United States v. Pang*, 362 F.3d 1187, 1193–94 (9th Cir. 2004).  And when we consider all of these claimed errors at once, we conclude that their cumulative effect "is also harmless because it is more probable than not that, taken together, they did not materially affect the verdict." *United States v. Fernandez*, 388 F.3d 1199, 1257 (9th Cir. 2004).

4.     We affirm the money judgment entered by the district court.  Section 5317 of Title 31, the forfeiture statute for structuring convictions, incorporates the procedures established in 21 U.S.C. § 853.  31 U.S.C. § 5317(c)(1)(B)

3

("Forfeitures under this paragraph shall be governed by the procedures established in section 413 of the Controlled Substances Act [21 U.S.C. § 853].").  "Section 853(p) provides a *procedure* for the forfeiture of substitute property," *United States v. Lo*, 839 F.3d 777, 790 (9th Cir. 2016) (emphasis added), *cert. denied*, 138 S. Ct. 354 (2017), and "mandates imposition of a money judgment on substitute property," *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006).  Relying on § 853(p), the district court properly entered the money judgment against Omidi as a substitute for the money orders involved in her offense.

**AFFIRMED.**